No. 572
GORODENSKY v. STATE
Ohio Appeals, 9th Dist., Cuyahoga County
No. 5137. Decided April 11, 1924
230. CHILDREN—Meaning of term "Incorrigible child.

2. Where there is no evidence that a child refused to return at parent's request or to obey, cannot be said that the child is incorrigible.

LEVINE, J.                          Epitomized Opinion
Published Only in Ohio Law Abstract

Isadore Gorodensky was convicted in the Juvenile on the charge of contributing to the delinquency of one Clara Nagarski. The facts disclosed that the accused induced and aided Clara Nagarski to accompany one Lillian Zlotokinsky to Clarksburg, West Virginia; that he took the two girls to the depot, provided transportation for them and actually forwarded some money to them for their expenses in Clarksburg. The evidence further disclosed that Lillian was in a delicate state and that she refused to leave alone. The evidence did not show any improper conduct on the part of the girls while in Claksburg or at any other time. It was charged, however, that by leaving without her parents' consent, Clara, being a female under 18 years of age, to-wit, 16 years, became thereby an incorrigible child. After conviction, the accused prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. The word "incorrigible children" means children who are charged by their parents or guardians as being unmanageable.

2. As there was no evidence in the case that the parents sought to bring Clara back home and that she refused to obey, it cannot be said that she was incorrigible and that the accused was guilty of contributing to the delinquence. of a child.

Attorneys—Stern, Rocker & Schwartz, for Gorodensky; E. C. Stanton, Pros. Atty., for State; all of Cleveland.

---

No. 573
DAVIS v. MORLOCK
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4914. Decided March 3, 1924
482. EXCEPTIONS—Where court refuses to permit certain testimony, counsel must state, in record, what this testimony will show, or a reviewing court cannot say that his case would have been benefited if said testimony had been admitted.

480. EVIDENCE—No error really committed in refusing evidence of reasonable value of premises, under Moore v. Harter.

BY THE COURT.              Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Morlock brought in the Municipal Court of Cleveland for 26 days' rent at $50 per day. The defendant claimed that he was required to pay only the reasonable rental of the property during the 25 days. A judgment was rendered for the plaintiff, whereupon defendant prosecuted error, claiming error in the court's refusal to admit defendant's witnesses to testify as to the reasonable rental value of the property during such time. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the defendant failed to state in the record what he expected to prove by his witnesses, we cannot say whether or not the evidence would have benefited the defendant even if admitted.

2. Under the decision of Moore v. Harter, 67 OS. 254, it is doubtful if the evidence offered by the defendant as to the reasonable value of the property was competent evidence.

Attorneys—S. M. Wittenberg, for Davis; Farnsworth & Farnsworth, for Morlock; all of Cleveland.